**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ECOLAB INC. and ECOLAB USA INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 21-720-RGA |
| | : | |
| SC JOHNSON PROFESSIONAL GROUP | : | **(REDACTED PUBLIC VERSION)** |
| LTD. (F/K/A DEB GROUP LTD.) and | : | |
| DEB IP LIMITED, | : | |
| | : | |
| Defendants. | : | |

<u>**REPORT AND RECOMMENDATION**</u>

Presently before the court is defendants' Motion to Dismiss Count III of plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").[1]  For the reasons set forth below, the court recommends the Motion be denied.

**I.     BACKGROUND**

On May 20, 2021, Ecolab Inc. and Ecolab USA, Inc. (collectively, "Ecolab" or "plaintiffs") initiated this action against SC Johnson Professional Group Ltd. (f/k/a Deb Group Ltd.) and Deb IP Limited (collectively, "Deb" or "defendants").[2]  After defendants moved to dismiss certain claims of the original complaint,[3] plaintiffs filed the FAC on September 15, 2021,[4] and defendants filed the instant Motion on October 22, 2021.[5]

---

[1] D.I. 25.
[2] D.I. 2.
[3] D.I. 14.
[4] D.I. 20.
[5] D.I. 25.  Briefing is found at D.I. 26 (defendants' opening brief); D.I. 31 (plaintiffs' answering brief); and D.I. 36 (defendants' reply brief).  The Motion was referred to this judge on December 6, 2021.  D.I. 41.

On or about March 8, 2013, the parties executed a ████████ License

Agreement ("License Agreement") under which Deb granted Ecolab ████████

license covering certain Deb patents relating to foaming alcohol hand sanitizers ("the

Deb Group Patents").[6]  The FAC asserts four claims under the License Agreement, but

the Motion concerns only Count III, which alleges Deb breached ████████

████████████



The parties dispute ████████████████████

████████████  Since March 2020, and continuing through at least July

2021, the parties corresponded regarding this dispute.[8]  Ecolab requested that Deb

████████████████████████

████████████████  The FAC alleges ████████████

████████████

Ecolab argues ████████████████████

████████████████████

---

[6] D.I. 20 ¶¶ 19-20.
[7] D.I. 20-1, Ex. A ("License Agreement") ████
[8] D.I. 20 ¶¶ 251, 287.
[9] Id. ¶¶ 270, 273.
[10] Id. ¶¶ 271, 274.



████████████████████████ Deb contends ████████████████

██████

Count III–Breach of Contract ██████████████████████████

████████████████████████ alleges:

357.  Ecolab has performed and continues to perform all of its obligations under the License Agreement.

358. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████

359. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

360.  Upon information and belief, ████████████████████████████████████████████████████

361.  To investigate this potential wrongdoing further, Ecolab has made inquiries of Deb Group to determine whether ██████████████████████████████████████████████ Deb Group has refused to answer these inquiries substantively.

362. ████████████████████████████████████████████ is a direct and knowing breach of the License Agreement ████████████████████████████████ ██████

363.  Ecolab has been and continues to be damaged by Deb Group's breach ████████████ in an amount to be determined at trial.

364.  Ecolab's damages as a result of Deb's breach ████████████████

---

[11] *Id.* ¶¶ 359-363.

████████████████████████████████ are at least the royalties paid
by Ecolab pursuant to the License Agreement, ████████████████

████████████████████████████████████████████████

████████████████████████████████████

365. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

366.  Additional damages to Ecolab that flow directly from Deb's
breach ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

## II.   PARTIES' POSITIONS

Deb argues Count III fails because ████████████████████

████████████████████████████████████████████████████

████████████████████████████████ They also contend the

FAC fails to show how any damages to Ecolab could have resulted from ████████

████████████████████

Ecolab first states Deb does not dispute the FAC pleads the elements of a

---

[12] D.I. 26 at 4-7.
[13] *Id.* at 7-9.

breach of contract claim.  They also argue Deb's brief "reveal[s] only a dispute between the parties as to contract interpretation and damages amounts.  Nothing more.  These arguments should be raised, if they are to be raised at all, in a Rule 56 summary judgment motion."[14]

In specific response to the Motion, Ecolab argues:  (1) Deb's contention that Ecolab cannot ████████████████████████████ because Ecolab ████████ ████████ plainly is wrong;[15] (2) that Deb would be required to ████████ ████████████████████████████████████ does not mean ████████ ████████████████████████████ (3) Deb's contention that ████████████ ████████████████████████ lacks merit;[17] (4) Deb's own failure to assert ████████████ when it would have been reasonable to do so undermines its late-found argument now;[18] and, (5) Deb's own proposed contract interpretation leads to a nonsensical result.[19]

Finally, Ecolab maintains Count III adequately pleads damages resulting from Deb's breach.[20]

## III.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

Rule 8 requires a complainant to provide "a short and plain statement of the

---

[14] D.I. 31 at 1.
[15] *Id.* at 11.
[16] *Id.* at 11-12.
[17] *Id.* at 12-14.
[18] *Id.* at 14.
[19] *Id.* at 15-16.
[20] *Id.* at 16-18.

claim showing that the pleader is entitled to relief . . . ."[21]  Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard.  A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the counter-complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."[22]

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"[23]  The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."[24]  A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted."[25]

A complainant must plead facts sufficient to show that a claim has "substantive plausibility."[26]  That plausibility must be found on the face of the complaint.[27]  "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged."[28]  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[29]

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

[23] *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

[24] *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

[25] *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

[26] *Id.* at 12.

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28] *Id.*

[29] *Id.* at 679.

6

## B.     Breach of Contract

To state a claim for breach of contract, a plaintiff must allege "the existence of a contract, the breach of an obligation imposed by that contract, and the resultant damage."[30]  "Under Delaware law, the proper interpretation of a contract is a question of law" and "a motion to dismiss is a proper framework for determining the meaning of contract language."[31]  "'Delaware adheres to the "objective" theory of contracts, i.e., a contract's construction should be that which would be understood by an objective, reasonable third party.'"[32]

> In interpreting contract language, clear and unambiguous terms are interpreted according to their ordinary and usual meaning.  Absent some ambiguity, Delaware courts will not distort or twist contract language under the guise of construing it.  When the language of a contract is clear and unequivocal, a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create new contract rights, liabilities and duties[.][33]

A contract will be considered ambiguous "[o]nly where the contract's language is susceptible of more than one reasonable interpretation"[34] and "[a]n unreasonable interpretation produces an absurd result or one that no reasonable person would have accepted when entering the contract."[35]

---

[30] *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1023 (D. Del. 2011) (internal citations omitted).

[31] *Allied Capital Corp. v. GC-Sun Holdings, L.P.*, 910 A.2d 1020, 1030 (Del. Ch. 2006).

[32] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010) (quoting *NBC Universal v. Paxson Commc'ns*, No. Civ. A. 650-N, 2005 WL 1038997, at *5 (Del. Ch. Apr. 29, 2005)).

[33] *Allied*, 910 A.2d at 1030 (footnote omitted).

[34] *Id.*

[35] *Osborn*, 991 A.2d at 1160.

## IV.    DISCUSSION

Deb asserts "Count III fails for two independent reasons: (1) it is premised on the breach of an obligation not imposed by the Agreement, and (2) Ecolab fails to plausibly allege any damages from the breach."[36]  As to the first, they argue ███████████████ ████████████████████████████████████████████████████ Deb contends an objective reading reveals ████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████████

Naturally, Ecolab disagrees with each argument.  They also contend Deb's failure to respond to questions regarding ██████████████████████████ ████████████████████████  Finally, Ecolab maintains Deb's proposed interpretation leads to a nonsensical result that must be rejected.[40]

The court addresses the parties' arguments seriatim.[41]

---

[36] D.I. 26 at 4.
[37] *Id.* at 4-7.
[38] *Id.* (emphasis in original).
[39] D.I. 31 at 14.
[40] D.I. 31 at 15-16.
[41] The court first dispenses with Ecolab's suggestion that Deb's argument demonstrates the dispute as to contract interpretation should only be raised in a Rule 56 summary judgment motion.  *See Id.* at 1.  To the contrary, a motion to dismiss is a "proper framework" for the interpretation of contract language.  *Allied Capital*, 910 A.2d at 1030; *see also Six Flags, Inc. v. PARC Mgmt., LLC (In re Premier Int'l Holdings, Inc.)*, 443 B.R. 320, 333 (Bankr. D. Del. 2010) ("The determination of the existence of ambiguity in a contract and the interpretation of a clear and unambiguous contract are both appropriate questions of law for a court to decide when adjudicating a motion to dismiss.").

### A.      Exclusivity of the Enforcement Right

The parties' primary dispute is whether ███████████ of the License Agreement

████████████████████████████████████████ Deb does not dispute that plaintiffs pled

the elements of a contract claim.  Instead, they argue Count III should be dismissed

either because Ecolab incorrectly interprets the contract, or for failure to plausibly allege

any damages resulting from the alleged breach.[42]

Ecolab emphasizes Rule 12(b)(6) analysis requires a contract to be interpreted

in the light most favorable to the non-movant and dismissal is appropriate "'only if the

defendant's interpretation is the *only* reasonable construction as a matter of law.'"[43]

They maintain even if Deb's interpretation is *a* reasonable construction, "the contract

would then at most present two conflicting reasonable interpretations," which would also

support denial of the Motion.[44]

Ecolab argues the interpretation that ████████████████████████████

████████████████ is reasonable.[45]  They emphasize language providing:  ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ ▪ According to plaintiffs, ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

--------------------------------

[42] D.I. 26 at 4.

[43] D.I. 31 at 8 (quoting *VLIW Tech., LLC v. Hewlett-Packard, Co.*, 840 A.2d 606, 615 (Del. 2003) (emphasis in original)).

[44] *Id.*

[45] *Id.* at 8-16.

[46] D.I. 20-1, Ex. A ████████

 Thus, Ecolab insists its position that ████████████████████████ or, at minimum, a reasonable interpretation that warrants denial of the Motion.[48]

Deb asserts that ████████████████████████

████████████████████████

████████████████ Further, ████████████████

████████████████████

Under Delaware law "[t]he definite article 'the' is *generally* used 'as a function word to indicate that a following noun or noun equivalent is definite or has been previously specified by context or by circumstance.'"[51] The Court of Chancery noted "'the' *may* be used to indicate that a following noun or noun equivalent is 'unique or a particular member of its class.'"[52] In *Wilmington Sav. Fund Soc'y, FSB v. Foresight Energy LLC*, however, the Court of Chancery found use of the definite article "the" in the contract term "the Beneficial Owner" did not preclude a finding of more than one beneficial owner.[53]

---

[47] D.I. 31 at 9 (emphasis in original).

[48] *Id.* at 10.

[49] D.I. 36 at 5.

[50] *Id.*

[51] *Ion Geophysical Corp. v. Fletcher Int'l, Ltd.*, No. CIV. A. 5050-VCP, 2010 WL 4378400, at *7 (Del. Ch. Nov. 5, 2010) (emphasis added) (quoting Webster's Ninth New Collegiate Dictionary 1222 (9th ed. 1987)) (applying New York law; *see also In re Port of Wilmington Gantry Crane Litig.*, 238 A.3d 921, 932 (Del. Super. Ct. Aug. 20, 2020) (same) .

[52] *Ion Geophysical Corp.*, 2010 WL 4378400, at *7 (applying New York law).

[53] *Wilmington Sav. Fund Soc'y, FSB  v. Foresight Energy LLC*, No. CV 11059-VCL, 2015 WL 7889552, at *8 (Del. Ch. Dec. 4, 2015) (noting "[a] person may be called

The court agrees that Ecolab's interpretation that ███████████████

████████████████ is at least a reasonable interpretation of the License

Agreement.  Delaware law, however, is equivocal as to the impact of definite-article

"the" in contract interpretation.  Dictionaries quoted by the above decisions state that,

"generally," use of "the" "may" indicate the following noun is unique.  Read in context,

though, "the" may not convey such restriction.[54]  In view of the contextual nature in

which Delaware courts address this issue, therefore, the court does not agree that

Ecolab's is the *only* reasonable interpretation.[55]

---

'the owner,' even if that person is not necessarily 'the sole owner'") (applying New York
law).

[54] *See, e.g.*, *Wilmington Sav. Fund Soc'y*, 2015 WL 7889552, at *8.

[55] Ecolab's authority for that position, based on non-Delaware precedent, is not
persuasive.  *See, e.g.*, D.I. 31 at 9 n.2.  For example, in *Ragen v. Hancor, Inc.*, the
Northern District of Ohio determined the exclusivity of an agency relationship.  No. 3:08
CV 1022, 2010 WL 301761, at *3 (N.D. Ohio Jan. 19, 2010).  The court noted
"[w]hether or not a relationship is intended to be exclusive is dependent on the
surrounding context."  *Id.*  As an example, the court explained "a person appointed as
'the Ohio State football coach' would rightly be disappointed to learn that another man
had been hired to the same position, even in the absence of contractual language
explicitly stating that the position is an exclusive one."  *Id.*  The issue of exclusivity in
*Ragen* turned on a question of agency law, *not use of the definite article "the." Id.*  In
*Boeing Co. v. United States*, the U.S. Court of Federal Claims *did interpret use of the
definite article "the" in the contract at issue* and determined "[i]f more than one such
official were contemplated, the indefinite articles 'an' or 'a' should have been used." 75
Fed. Cl. 34, 44 (2007).  The court agrees with defendants that *Boeing* is distinguishable
because that contract involved a "singular position that could be held by only one
person, unlike the rights of a patent licensee, which can be held by multiple people at
once unless shown to be exclusive."  D.I. 36 at 5.  Finally, in *Stephan v. Pennsylvania
General Ins. Co.*, the Supreme Court of Connecticut interpreted an insurance policy and
noted "[a]s a definite article, the word 'the' refers to a specific object whereas the
indefinite articles 'a' and 'an' refer to unlimited objects."  224 Conn. 758, 764 (1993).
*Stephan* is likewise distinguishable from the instant matter.  The specific insurance
contract at issue provided reduced damages for "*the* bodily" injury.  *Id.*  The court
determined that language "undoubtedly refers to the claimant's bodily injury, and not to
any other bodily injuries."  *Id.*  The court is not persuaded the same reasoning applies
to the License Agreement at issue here.

The court determines Deb's interpretation of ███████ is also at least

reasonable.  The definite article "the" is used in other sections of the License

Agreement ████████████████████████████████████████████

████ For example, ████████████████████████████████████████

████████████████████████████████████████████████

████████ Reference to ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████ notwithstanding use of the

definite article "the" in this section.[57]

Within the context of the License Agreement, the court finds Deb's position that

███████████████████████████████████████████████████

████ is also a reasonable interpretation of the contractual language.

"In deciding a motion to dismiss, the trial court cannot choose between two

differing reasonable interpretations of ambiguous provisions.  Dismissal, pursuant to

Rule 12(b)(6), is proper only if the defendants' interpretation is the only reasonable

construction as a matter of law."[58]  Faced with two reasonable interpretations ████████

███████████████████████████████████████

---

[56] D.I. 20-1, Ex. A ████
[57] *Id.*  Defendants also note "Ecolab has asserted claims that ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████
D.I. 36 at 4 n.1.
[58] *VLIW Tech.*, 840 A.2d at 615 (emphasis in original).

the court recommends the Motion be denied.

For the sake of completeness, however, the court addresses the parties' additional arguments regarding ██████████████████████████

### 1.    Objective View of the Contract

Deb argues under an objective reading of the contract, the title of the License Agreement, and the title of the specific grant demonstrates the reasonableness of their interpretation of ██████████████████

### a.    Title of the License Agreement

Deb asserts "any objective view of the Agreement's plain language commands a conclusion that ███████████████████████████████████ ████████████ The Agreement is ███████████████████ Ecolab argues ████████████████████████████ ██████████████████████████████ Further, they maintain ████████████████████████████████████ ███████████████████████████████ ███████████████████████████████ is rendered duplicative and superfluous."[61]  According to Ecolab, "[i]t is well-settled that in interpreting contracts, courts provide meaning to each term."[62]  Ecolab notes the ████

---

[59] D.I. 26 at 5 (emphasis in original).
[60] D.I. 31 at 12.
[61] *Id.*
[62] *Id.* (citing *L.P.P.R., Inc. v. Keller Crescent Corp.*, 532 F. App'x 268, 274 (3d Cir. 2013) ("'Delaware courts have consistently held that an interpretation that gives effect to each term of an agreement is preferable to any interpretation that would result in a conclusion that some terms are uselessly repetitive,' and [c]ontracts are to be interpreted in a way that does not render any provisions illusory or meaningless.'")



████████████████████████████████████████████████████

████████████████████████████████████████ They maintain "[t]he absence of

such language was intentional, as the text of ████████ itself makes clear ████

████████████████████████████████

    Ecolab lastly argues "Deb's attempt to ██████████████ to narrow the

rights expressly granted to Ecolab is squarely precluded by the agreement itself."[65]

Plaintiffs point to ████████ which provides: ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ Deb responds that ████████████████████████

████████████████████████████████████████████

    Pursuant to ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████ Conversely, Ecolab's argument ████████████

_____

(citation omitted)).

[63] *Id.* at 13.

[64] *Id.*

[65] *Id.* at 14.

[66] *Id.*

[67] D.I. 26 at 7 (citing *Schwob v. Int'l Water Corp.*, 136 F. Supp. 310, 312 (D. Del. 1955 ████████████████████

████████████ *Assalone v. S-L Distribution Co.*, 978 F. Supp. 2d 427, 434-35 (M.D. Pa. 2013)

████████████ *Dahath Elec. Co. v. Suburban Elec. Dev. Co.*, 2 A.2d 765, 766-67 (Pa. 1938)

████████████████████████

.

14

██████████████████████████████████████████████████

████████ is equally unpersuasive.  The court will not ███████████████████

████████████████████████ and finds Deb's interpretation ███████████████

███████████████████ is reasonable.

### b.   Specific Grant

Deb contends that ███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████ This

argument assumes ███████████████████████████████████

████████ According to Ecolab, ████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████ According to Ecolab, ████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

████████ The court finds Ecolab's proposition is reasonable and again notes

██████████████████████████████████████████████ While

Deb's interpretation may also be reasonable, it is not dispositive.

### c.   █████████████████████████████████████

Deb asserts that █████████████████████████████████████

---

68 D.I. 26 at 5.
69 D.I. 31 at 11.
70 *Id.*

15



In *Fairchild Semiconductor Corp. v. Power Integrations, Inc.* this court stated plaintiffs who "hold less than all substantial rights to the patents and lack exclusionary rights," ███████████████████████ lack standing "'to bring suit or even join a suit with the patentee because a ████████ licensee suffers no legal injury from infringement.'"[72] The Federal Circuit's *Textile Productions* opinion noted ███████████ ████████████████████████████████████

Ecolab argues ██████████████████████████ ███████████████████████████████ ███████████████████████████████ ████████████████████ According to Ecolab ██████ ███████████████████████████████ ████████████████████

The court agrees with Ecolab and rejects Deb's argument.

---

[71] D.I. 26 at 6 (citing *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 630 F. Supp. 2d 365, 370 (D. Del. 2007); *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998)).

[72] *Fairchild Semiconductor*, 630 F. Supp. 2d at 370 (quoting *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)).

[73] *Textile Productions*, 134 F.3d at 1485 (citing *Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995)).

[74] D.I. 31 at 12.

[75] *Id.*

**2.    Defendants' ███████████████████████ Prior to Litigation**

Ecolab argues "[w]hile perhaps not dispositive, it certainly is probative that Deb itself did not believe or assert the contract ████████████████████████████████ prior to this litigation."[76]  They specifically argue Deb refused to respond to questions regarding ████████████████████████ during the year and a half the parties corresponded prior to this litigation.[77]  Deb did not respond to this argument.

While Deb could have responded to Ecolab's questions ██████████████████ ████████████ right prior to this litigation, failure to do so does not implicate the reasonableness their proffered interpretation of the Licence Agreement.  Ecolab cites no authority to the contrary.

**3.    Deb's Proposed Contract Interpretation**

Lastly, Ecolab argues Deb's interpretation of ██████████ is unreasonable because ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ████████████ leading to chaos.[78]  Ecolab further argues Deb's assertion that ████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ thereby rendering the entire section meaningless and illusory."[79]  According to Ecolab, "this interpretation is disfavored under Delaware law, and is not a reasonable

---

[76] *Id.* at 14.
[77] *Id.*
[78] *Id.* at 15.
[79] *Id.*

17

interpretation, let alone the only reasonable interpretation."[80]

Deb offers two arguments in response.  First, Ecolab identifies "no legal authority suggesting that a contract provision is ambiguous merely because it fails to spell out precisely how it will apply in all future situations."[81]  And, second, Ecolab's "argument emphasizes that Count III is not a ripe claim" because ███████████████████████████

████████████████████████████████████████████████████████████

████████████████  remains to be seen."[82]  Deb emphasizes the criticality of this point because

████████████████████████  is the only form of damages that could be caused by the supposed breach and a 'cause of action for breach of contract is not ripe and does not confer standing where, as here, [the plaintiff] has failed to plead damages resulting from the breach.'  Because Ecolab has not adequately alleged damages, adjudication of Count III would 'entangl[e] [this Court] in [an] abstract disagreement [ ],' over the ████████████████████████████  and whether it would give rise to an actionable breach.[83]

As Deb notes, a contract is not considered ambiguous if it fails to address every contingency.[84]  Here, █████████████████████████████████

█████████████████████████████████████████

██████████████████████████████

---

[80] *Id.* at 15-16.
[81] D.I. 36 at 6.
[82] *Id.* at 6-7.
[83] *Id.* at 7 (quoting *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech Holdings Ltd.*, 2017 WL 750700, at *4 (D. Del. Feb. 27, 2017); *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).
[84] *Id.* at 6 (citing *Saccucci Auto Grp., Inc. v. Am. Honda Motor Co.*, 617 F.3d 14, 23 (1st Cir. 2010); *Hall Patent Gr. v. Indus. Noise Control Corp.*, 2006 WL 2067838, at *2 (N.D. Tex. 2006)); *see also Amkor Tech., Inc. v. Motorola, Inc.*, No. CIV. A. 02C-08-160CHT, 2007 WL 3360039 (Del. Super. Ct. Nov. 14, 2007, *aff'd*, 958 A.2d 852 (Del. 2008)).  Each of these cases required the court to interpret a contractual term.

██████████   The court finds Ecolab's argument does not render Deb's interpretation of

██████████   unreasonable.

**B.      Cognizable Damages**

The parties dispute whether the FAC pleads cognizable damages resulting from

████████████████████████████████████████████   Ecolab asserts two

categories of damages they suffered as a result of Deb's alleged breach.  First, "the

royalties paid by Ecolab pursuant to the License Agreement, ████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████   And second,

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

Deb argues Ecolab's first theory must be rejected because the royalties paid by

Ecolab are not damages caused by defendants' alleged breach since "Ecolab would

have paid the same royalties under the Agreement ██████████████████████

██████████████████████   Furthermore, Ecolab's theory "assumes that Deb

is *correct* about what rights Ecolab received—██████████████—but contends that

Deb must pay for Ecolab *misunderstanding* the rights it has."[88]  With respect to the

---

[85] D.I. 20 at ¶ 364.
[86] *Id.* at ¶ 366.
[87] D.I. 26 at 8.
[88] D.I. 36 at 8 (emphasis in original).

second theory, Deb suggests that "[e]ven assuming that Ecolab ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████

███████ which Ecolab fails to show.[89]

     With two reasonable interpretations of the ███████████████████████

███ the court is reluctant to recommend granting the Motion on the basis that the FAC

fails to plausibly allege damages.  If the finder of fact determines ███████████████

████████████████████████████████████████████

███████ the second element of a breach of contract claim is met.  The court finds the

FAC plausibly alleges damages as a result of such breach.

### 1.    Royalties

     Damages for breach of contract are "'measured by the amount of money that

would put the promisee in the same position as if the promisor had performed the

contract.'"[90]  Ecolab alleges ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ Deb argues████████████████

██████████████████████████████████ The court

finds whether these damages puts Ecolab in the same position as if no breach occurred

is plausibly plead and presents a question of fact.

---

[89] D.I. 26 at 8 (emphasis in original).
[90] *VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 293-94 (3d Cir. 2014)
(quoting *Duncan v. Theratx, Inc.*, 775 A.2d 1019, 1022 (Del. 2001)).
[91] D.I. 31 at 17 (citing D.I. 20 ¶ 365).

### 2. Lost Recoveries

The court likewise finds plausible damages alleged from ███████████ ██████████████████████████████████████ Ecolab argues ████████████████████████████████████████████████████ Ecolab would have been ██████████████████ Therefore, even though there is ████████████████████████████████ "[w]ithout the benefit of discovery, Ecolab cannot know just how much it has been damaged ██████████████ ██████████████████████–and Deb has now admitted, in its motion, that ████ ███████████████████████████████████████ Deb asserts Ecolab "ignores that ████████████████████████████ ████████████████████████████ They reference ███████████ language stating:



---

[92] Id..

[93] Id. at 18 (citing IOENGINE, LLC v. PayPal Holdings, Inc., No. CV 18-452-WCB, 2019 WL 330515, at *23 (D. Del. Jan. 25, 2019) ("The facts bearing on willfulness are likely to be, in large measure, in the possession of the defendant and available to the plaintiff only through discovery."))

[94] D.I. 36 at 8. Deb further notes ███████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ Id. at 9 (emphasis in original).

███████████████████████████████████

The court concludes that determination of whether Deb's interpretation of that language is the only reasonable one is best decided by a fact-finder, rather than as a matter of law on this Motion.  Moreover, discovery is necessary to determine whether ████████████████████████████████████ has been thwarted by Deb's alleged breach.

V.    **CONCLUSION**

For the reasons stated above, it is recommended that defendants' Motion (D.I. 25) be **DENIED**.

Because this Report & Recommendation may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Report & Recommendation.  Any such redacted version shall be submitted no later than fourteen (14) days after the date of this Report and Recommendation for review by the Court, along with a brief, but clear, explanation why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure."[96] Thereafter, a publicly-available version of this Report & Recommendation will be issued.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 (b)(1), and D. Del. LR 72.1, any objections to the Report & Recommendation shall be filed within fourteen (14)

---

[95] D.I. 20-1, Ex. A █████
[96] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted).

22

days limited to ten (10) pages after being served with the same.  Any response shall be limited to ten (10) pages.

The parties are directed to the Court's Standing Order in Non-Pro Se Matters for Objections Filed under Fed. R. Civ. P. 72 dated October 9, 2013, a copy of which is found on the Court's website (www.ded.uscourts.gov).


April 18, 2022                                    _____/s/  Mary Pat Thynge_____
                                                          CHIEF U.S. MAGISTRATE JUDGE